UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
DAVID EHRICH

08 CV 1432 (SJ)(CLP)

**CLASS ACTION**
**AMENDED**
**COMPLAINT**

Plaintiff(s),

-against-

DIVERSIFIED COLLECTION SERVICES, INC.

Defendant(s).
-------------------------------------------------------------------

**COMPLAINT FOR VIOLATIONS**
**OF THE FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought on behalf of plaintiff(s) and all others similarly situated for damages arising from the violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA") committed by the defendant(s), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## Introduction

1. This action seeks redress for the illegal practices of Defendant(s), concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, the residence of the plaintiff(s) is in this District.

## Parties

4. Plaintiff(s) is/are individual(s) who reside(s) in Queens County State of New York.

5. Upon information and belief, defendant, is an active California business.

## Statement of Facts

6. Defendant(s) is/are regularly engaged in the collection of debts, allegedly owed by consumers, through the use of various instrumentalities of interstate commerce and the mails.

7. Defendant(s) is/are "Debt Collectors" as that term is defined by §1692a(6) of the FDCPA.

8. Plaintiff(s) received direct communications from defendant(s), who caused the collection letter complained of herein to be sent to the home address of plaintiff(s) on or about July 18, 2007.

9. Said letter was an attempt to collect a debt as defined by §1692a(5), from a natural person.

## Class Action Allegations

10. This action is brought by plaintiff(s) as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff(s) and all consumers and their successors in interest (the "Class") who have received initial debt collection notices and/or letters from the defendant(s) as of one year prior to the filing of plaintiff's complaint until the present, which contained a 30 day notice identical to the

one received by the plaintiff. In addition there is a class of people who received an identical notice in an initial contact letter that also contained language threatening "Administrative Wage Garnishment" and threatened to report the consumer. Excluded from this Class are the defendant(s) herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant(s), including, without limitation, persons who are members, officers, directors, employees, associates or partners of defendant(s).

11. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant(s), which violate various provisions of the FDCPA.

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendant(s) violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692g, 1692e and 1692f.

   b. Whether plaintiff and the Class have been injured by the conduct of the defendant(s); and

   c. Whether plaintiff(s) and the Class have sustained damages and are entitled to restitution as a result of the wrongdoing defendant(s) and, if so, what is the proper

measure and appropriate statutory formula to be applied in determining such damages and restitution.

14. The claims of Plaintiff(s) are typical of the claims of the Class. The interests of the plaintiff(s) are not adverse or antagonistic to the interests of other members of the Class.

15. Plaintiff(s) will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. No unusual difficulties are likely to be encountered in the management of this class action.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if the conduct of defendant(s) will proceed without remedy defendant(s) will continue to reap and retain proceeds of ill-gotten gains.

4

## As and for a first cause of action

18.     All the foregoing paragraphs are incorporated by reference as if set forth fully herein.

19.     Upon information and belief, the collection letter is a form letter sent by defendant(s) to the plaintiff(s).

20.     Collection letters, such as those sent by defendant(s), are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21.     Section 1692g requires the debt collector to give what is commonly referred to as a 30-day notice within five days of its communication with the consumer.

22.     Defendant(s) violated § 1692g, by failing to provide the consumer with the required 30 day notice.

23.     Further, language used within the letter overshadowed and was inconsistent with the notice given. The letter indicated that any authorized approved means would be used to collect that debt and that the consumer would be subject to wage garnishments as well as various forms of reporting.

24.     Said violation also constitutes a violation of § 1692e and § 1692f.


**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

   a)     Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

   b)     Awarding plaintiff(s) and the class statutory damages;

   c)     Awarding plaintiff(s) and the class costs of this action, including reasonable attorneys' fees and expenses; and

      d)     Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
November 4, 2008

_____
Lawrence Katz
Attorney at Law
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz